## 8253

### LOWRY v. ATLANTIC COAST LINE R. R. CO.

1. A NOTICE OF MOTION SERVED IN TIME TO AMEND AN ANSWER to be heard on a day certain on an approaching term "or as soon thereafter as counsel can be heard," does not lose its vitality by not being called up during the term, but may be called up at another term.

2. IBID.—A Circuit Judge should always in refusing a motion to amend say whether he refused it because of want of power to grant it or because in his discretion he thinks it should not be allowed, and whether he would have granted it, if he had the power.

3. IBID.—A motion to amend an answer by setting up additional defenses made months after service of the answer, after one trial, appeal and new trial granted, on the ground that defendant could not conveniently obtain the information on which the motion was based, should be refused.

4. EVIDENCE—CARRIER—FREIGHT.—Even if there were error in admitting evidence that defendant carrier had had repaired furniture it was alleged to have broken in transportation and in admitting a part of a conversation between plaintiff and carrier's agent in relation thereto, it is cured by the carrier putting up the agent and bringing out the whole matter.

5. ISSUES—VERDICT.—There was sufficient evidence in this case to carry to the jury the issue of damages to goods while in carrier's possession, nor is the verdict palpably excessive.

6. ISSUES—CARRIER—PRESUMPTIONS.—Where the presumption of law arises that damage to freight occurred on line of terminal carrier, and there is evidence tending to show the goods were not received by it in good condition, it is the province of the jury to say on which side rests the weight.

7. PRINCIPAL AND AGENT—BURDEN OF PROOF.—Where it is shown the acts of an agent were within the apparent scope of his authority, the burden is then cast on the principal to show he acted outside his authority.

8. CARRIER—FREIGHT—BURDEN OF PROOF.—Where the bill of lading shows goods were received by the initial carrier in good condition, the burden is on the terminal carrier to show it did not so receive them. Where it is so shown, the goods were received in good condition as one shipment and the last carrier delivers a part of the one shipment, the law presumes it received all the goods and the burden is on it to show it did not receive the entire shipment.

3—92

Before COPES, J., Sumter, November term, 1911.
Affirmed.

.Action by Mrs. E. A. Lowry against Atlantic Coast Line
R. R. Co.   Defendant appeals on the following exceptions:

1. "His Honor erred in overruling defendant's motion for
leave to amend its answer and in holding that sufficient
notice of such motion had not been served on plaintiff's
attorney, it being respectfully submitted that ample notice
had been given and that defendant was entitled to have the
merits of its motion passed upon.

2. "His Honor erred in refusing to exercise his discre-
tion and pass upon the merits of defendant's motion for
leave to amend its answer, and in holding as a matter of
law that he did not have the power to pass upon the merits
of the motion; whereas, it is submitted, his Honor had
ample power to hear said motion, either under the notice
served in June or the notice served in November.

3. "His Honor erred in refusing to allow defendant to
renew, on the call of the case on Tuesday, November 7th,
the motion made on the previous day, notice of such motion
having been given in any event on the 2d day of November,
and his Honor at such time not having ruled on the said
motion; and, it is respectfully submitted, his Honor abused
his discretion in holding that he had no power to consider
such motion as of the 7th day of November, but was
bound by the notice as of the previous day."

Exceptions 4, 5, 6, 7 abandoned.

8. "His Honor erred in permitting plaintiff, over
defendant's objection, to testify concerning statements made
to her by defendant's agent to the effect that plaintiff could
have repairs made to the goods which defendant would pay
for, such testimony being inadmissible because (a) such
declaration on the part of the agent was not part of the *res
gestae,* (b) the conduct and statement of the agent referred
to tended to show an attempt on the part of the agent to

compromise the claim of plaintiff by making certain repairs, and (c) there was no evidence at such time that the agent had authority to bind defendant by an agreement to incur such an expense. His Honor further erred in refusing to strike out, on defendant's motion, the evidence in question.

9. "His Honor erred in admitting, over defendant's objection, receipted bill for repairs to goods, such bill being inadmissible because (a) in view of the evidence otherwise it tended to show an attempt on the part of the agent to compromise plaintiff's claim, and (b) there was no evidence at such time that the agent had authority to bind defendant by an agreement to incur such an expense."

Exception 10 abandoned.

11. "His Honor erred in overruling defendant's motion for direction of verdict in its favor, at the close of all the evidence, whereas he should have granted such motion upon the grounds stated and for the reasons urged in support thereof, to wit: (1) because there was no evidence that any of the damage occurred while the property was in defendant's possession, (2) because there was no evidence that any portion of the goods was lost after their delivery to defendant, (3) because there was no evidence of delivery to the initial carrier in good order, (4) because even if there was evidence of delivery to the initial carrier in good order, sufficient to raise the presumption that the loss and damage occurred on defendant's line, defendant's evidence completely rebutted the presumption and as a matter of law his Honor should have so held, (5) because the repairs made by defendant's agent did not constitute evidence of defendant's liability for the loss and damage, in that (a) such evidence was inadmissible as tending to show an offer of or attempt to compromise, (b) there was no evidence that the agent had authority to incur such expense, and (c) the evidence otherwise conclusively showed that the agent had not such authority and that his action in this respect was disapproved by defendant; beyond this, the evidence conclu-

sively showed that at the time of the transaction in question defendant's agent did not know where the loss occurred, had no information tending to suggest that the loss and damage had occurred on defendant's line, and that his action was taken solely on his own responsibility.

12. "His Honor erred in refusing to charge defendant's first request, as follows: 'I charge you that the presumption of loss and damage by the last carrier cannot arise in any case where there is credible evidence tending to show that prior to delivery of goods to the last carrier they were not, in fact, in good order.' It is submitted this request contained a sound proposition of law, directly applicable to the facts of the case, and should have been charged.

13. "His Honor erred in modifying defendant's second request, and in not charging it as submitted, the request being as follows: 'I charge you that the action of defendant's agent having repairs made to plaintiff's household goods cannot be construed as an admission of liability on the part of the defendant, unless you are satisfied from the greater weight of the evidence that the agent had the authority to incur the expense of making these repairs, or, that the defendant, after they were made, ratified or approved his action in this regard,' the modification being that his Honor interpolated, immediately following the word 'authority' the words 'express or apparent.' It is submitted the request contained a sound proposition of law, directly applicable to the facts of the case, and that the modification imposed upon defendant in the submission of the case to the jury too harsh a rule, in that in no event under the circumstances shown could the repairs made by the agent be construed as an admission of liability by defendant unless the agent actually had the authority in question.

14. "His Honor erred in charging plaintiff's second request, which was as follows: 'The jury is further instructed that the bill of lading in this case shows upon its face that the goods in question were received by the initial

receiving road in apparent good condition, and the burden is on the defendant to show that they were not received in such condition. And where it is shown that the goods were one shipment and received in good condition, the law raises a presumption that such condition continued; and where it is shown that the last carrier delivered a part of the one shipment, then the law presumes that the last carrier received all of the goods, and the burden is then on the defendant to show that it did not receive the entire shipment.' It is respectfully submitted this charge was erroneous, for the reasons: (1) In charging the jury that the bill of lading 'shows upon its face that the goods in question were received by the initial receiving road in apparent good condition,' his Honor charged upon the facts, it being a question for the jury to say how far the bill of lading under the circumstances tended to show such fact; (2) in charging the first portion of the request his Honor instructed the jury that upon proof of delivery to the initial carrier in apparent good condition, the burden was on defendant to show that they were not received in such condition, whereas the burden on defendant could be no greater than that it must have shown that the loss and damage proved did not occur while the goods were in its possession, the undisputed proof showing that the goods were carried successively by six or eight different carriers—the charge in this particular leading the jury to believe that defendant must not only rebut the presumption of loss and damage on its own line, but that the goods 'being received by the initial receiving road in apparent good condition' defendant must show 'that they were not received in such condition.'

15. "His Honor erred in overruling defendant's motion for new trial, whereas he should have granted such motion upon the first or third grounds thereof, such grounds being as follows: 1. 'There was no evidence that the loss and damage occurred while the property was in defendant's possession.' 3. 'The evidence shows indisputably that the

greater portion of the loss and damage occurred before delivery of the property to defendant, therefore the verdict is palpably excessive.' "

*Messrs. Mark Reynolds* and *Lucian W. McLemore,* for appellant, cite: *Motion to amend should have been granted:* 83 S. C. 557; 85 S. C. 458; 82 S. C. 12. *Agreement to repair should not have been admitted:* 28 S. C. 160; 16 Cyc. 949; Elliott on R. R., secs. 210-212, 217, 220. *Defendant is not liable for defective packing in sealed car:* 6 Cyc. 380; Elliott, sec. 1492; Hutch on Carr, secs. 163, 333. *Presumption against last carrier:* 6 Cyc. 490-491; Elliott, sec. 1450; 43 Barb. 225; 28 Wis. 204; 63 S. C. 565; 60 S. E. 8; 63 S. C. 655; 74 S. W. 343; 76 S. C. 308; 61 S. E. 1111; 53 S. E. 620; 77 S. C. 148; 82 S. C. 482; 29 S. C. 235. *Admission of agent may be explained:* 16 Cyc. 1045, 1003. *Admission of declaration of agent:* 16 Cyc. 1003, 1005, 1023.

*Messrs. L. D. Jennings* and *R. D. Epps,* contra, cite: *Notice served too late:* 67 S. C. 296; 43 S. C. 173. *Amendment not the remedy:* 74 S. C. 236. *The issue of the greater weight between a legal presumption and other evidence is for the jury:* 87 S. C. 134. *Principal must show acts of agent are without scope of his authority:* 47 S. C. 139.

July 13, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This is an action against the defendant company for loss and damage to shipment to household furniture which the plaintiff shipped from Henrietta, Texas, to Sumter, S. C. Upon the first trial of the cause the presiding Judge directed a verdict in favor of the defendant, which upon appeal was reversed. See 88 S. C. 310. Some time thereafter and before the summer term of Court for Sumter county in 1911, the defendant gave

notice that a motion would be made on July 3d for an order allowing an amendment to the original answer. This motion was not brought to a hearing by the defendant during that term of Court. On November 2, 1911, the defendant served upon plaintiff's counsel another notice that a motion would be made on November 6th, before the presiding Judge, Hon. Robert E. Copes, for an order to amend the answer. With this notice an affidavit of one of defendant's counsel was served, stating that he had only recently been able to secure complete information upon the facts upon which he was seeking to amend the answer. Judge Copes refused to allow the amendment, holding that the notice of November 2d of the motion to be heard November 6th was not sufficient as to time. This cause was then tried before a jury and a verdict rendered for the plaintiff. A motion was made for a new trial, which was overruled, and defendant appeals on fifteen grounds.

At the hearing of the cause in this Court, Exceptions 4, 5, 6, 7 and 10 were withdrawn by the appellant.

The first, second and third exceptions allege error on the part of his Honor, Judge Copes, in refusing to pass upon the merits of the motion for leave to amend the answer. The original notice of motion was served June 28, 1911, fixing the hearing of the motion on July 3, 1911, or "as soon thereafter as counsel could be heard." The motion was not heard at the July term of Court, and afterwards, on November 2, 1911, an additional notice was served notifying plaintiff's counsel that defendant would renew the notice of motion on the motion papers "heretofore served on June 28, 1911," on November 6, 1911, or "as soon thereafter as counsel could be heard." Judge Copes held that the notice served in June had lost all legal vitality and that the notice served in November was ineffectual because it did not allow sufficient time. We think his Honor was in error in so holding. The failure to dispose of the motion at the July term of Court did not destroy the vitality of the

notice.   It provided for it to be heard at that term or "as soon thereafter as counsel could be heard."   The object of the notice was to prepare the opposing counsel.   It would be an extremely technical rule which would as a matter of law deprive a litigant of the right to have a motion of this nature heard under the circumstances as developed here. His Honor was in error in holding that. he could not hear the motion and that he had no discretion in the matter.   He should have heard the motion and granted or refused it, as he saw fit in his discretion.

It is the better and safer ·practice for a Circuit Judge when a motion is made before him when he thinks he has no power to entertain it to intimate what he would do if he were clothed with the power, whether he would grant or refuse it, and then upon the appeal this Court could determine whether he had erroneously exercised his discretion or not.   In the case at bar, Judge · Copes held he had no power to hear the motion.   It would have been the better practice for him to have decided if he had the power would he have allowed the defendant to file the amended answer or not.   Under section 195 of the Code the Court upon a proper showing and upon such terms as the Court thought just, could have allowed the defendant to amend its answer without notice whatsoever.

While Judge Copes was in error in not entertaining the motion, we do not think the defendant was prejudiced as the proposed answer upon the showing made should not have been allowed.   This case had been tried in the Circuit Court, verdict rendered for the plaintiff, appeal taken and a new trial granted and case remanded on April 4, 1911, for another trial.   During all this time no effort was made by the defendant to amend its answer or to secure complete information.   The action was originally brought on July 22, 1908, and defendant's counsel's affidavit upon which defendant relies to procure the

order to amend answer is dated November 2, 1911. A careful reading of that affidavit will not show such diligence on the part of defendant's counsel in procuring the information upon which amended answer is based as to allow them now to file the amended answer. It does not show excusable mistake or inadvertence on their part and for this reason alone it would work injustice and hardship to the plaintiff at this stage of the proceedings to allow it to be filed. If there is any defense in the proposed amended answer at all the inexcusable neglect of the defendant in not pleading it sooner deprives it of the right to have it heard in this case. If there is any merit in it the plaintiff can be sued by the defendant in a separate action. The substance of defendant's affidavit is not that it was mistaken when it first answered but it was not convenient for it sooner to get the information upon which it bases its proposed new defenses.

We are clearly of the opinion that had Judge Copes considered the motion on the merits he would not have been warranted in granting the order asked for on the affidavit submitted, together with the proposed amendment.

The eighth and ninth exceptions alleged error on the part of the Circuit Judge in admitting, over objection, evidence showing that the defendant, its agents and servants, had attempted to have repaired some of the damaged furniture. Even if it were conceded that there was error in the first instance in admitting this evidence and allowing plaintiff to testify to a conversation she had on the subject with Cooper, the agent, of defendant, it was cured when defendant's attorney had Cooper in response to his questions testify in full as to what he did and as to the conversation between himself and the plaintiff. These exceptions are overruled.

Exception 11 alleges error in not directing a verdict in favor of defendant for insufficiency or total want of evi-

dence on the part of plaintiff showing any loss or damage occurred while in defendant's possession and if goods were damaged at all or lost, it occurred before delivery of property to the defendant.

Exception 15 alleges error on the same grounds in not granting a new trial and the additional ground that the verdict is palpably excessive. There was sufficient testimony to carry the case to the jury and it is their province to settle all disputed matters of fact and there is sufficient testimony in the case to support their verdict. These exceptions are overruled.

The twelfth exception alleges error in refusing to charge defendant's first request, which is: "I charge you that the presumption of loss and damage by the last carrier cannot arise in any case where there is credible evidence tending to show that prior to the delivery of the goods to the last carrier they were not in fact in good order." There is no error here. It has been held where a presumption of law arises and there is some testimony to rebut this presumption it is for the jury and not for the Court to determine upon which side rests the weight. *Baker* v. *Telegraph Company,* 87 S. C. 174, 69 S. E. 151. This exception is overruled.

Exception 13 alleges error in modifying defendant's second request to charge and not charging it as submitted. His Honor modified the request by inserting the words, after word "authority," "express or apparent," so that the request as modified read, "that the agent had authority express or apparent to incur the expenses of making repairs, etc.," instead of charging the request, "that the agent had the authority to incur the expenses of making repairs, etc." This exception is overruled. It is "horn book law" that the agent must act within the scope of his authority, or within the apparent scope of his authority. Whenever there is evidence that there is an agent acting in the apparent scope of his authority to do certain things and

it is shown that he has done these things apparently acting in the scope of his authority, then the burden would be shifted to the other side and it would be necessary for them to show by the greater weight of evidence that these acts on the part of the agent were outside of his authority. A principal who asserts that his agent has acted outside of his instructions must show it by the preponderance of the evidence. *Whaley* v. *Duncan,* 47 S. C. 139, 25 S. E. 54.

Exception 14 alleges error in charging plaintiff's second request. We see no error in this. His Honor qualified the request by adding the words, "and I charge you further that the presumption may be rebutted by evidence." He also in this connection charged defendant's fifth request to charge.

A reading of the Judge's charge will show that the jury were instructed that the defendant was not liable unless it was shown that the goods were lost or damaged by the defendant.

Judgment affirmed.

MR. JUSTICE FRASER *concurs in the result.*

MR. JUSTICE WOODS *did not sit.*