17849

ALAMANCE INDUSTRIES, Respondent, v. CHESTERFIELD
HOSIERY MILL, Appellant

(122 S. E. (2d) 648)

*Ney B. Steele, Esq.,* of Chesterfield, *for Appellant,* ▮

*Messrs. H. F. Bell,* of Chesterfield, and *Eaton, Bell, Hunt & Seltzer,* of Charlotte, N. C., *for Respondent,* ▮

November 14, 1961.

TAYLOR, Chief Justice.

The sole question presented in this appeal is whether the Circuit Judge erred in refusing to allow the defendant to amend its answer by setting up a separate defense or counterclaim for fraud and deceit.

Suit was commenced in November, 1959, alleging a cause of action for debt in the amount of $695.00 allegedly due plaintiff under the terms of a written patent license agreement. Defendant duly filed answer on February 11, 1960, which in substance admitted execution of the written patent license agreement but denied that there was any indebtedness due and owing under the same in that it had not used the invention or method protected by the patent covered in

the agreement. The case was placed on the trial roster of Common Pleas Court for Chesterfield County beginning October 24, 1960.

On October 19, 1960, defendant served notice on plaintiff's counsel that it would move for leave to amend its answer and such amendment was served on October 21, 1960. The proposed amended answer restates the answer first served and then adds as a second defense by way of counterclaim that the execution of the written license agreement was obtained through false and fraudulent representation made by plaintiff's agent to one J. B. Kneece, who was at that time, in 1956, the president and majority stockholder of the defendant corporation and who executed the agreement on behalf of the defendant corporation, it being alleged that the agent falsely stated to Kneece that defendant corporation was already infringing upon plaintiff's patent and that unless defendant executed the proposed agreement it would be required to respond in damages for such infringements; and defendant prays for $50,000.00 actual and punitive damages.

Section 10-692, Code of Laws of South Carolina, 1952, reads as follows:

"The court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by (a) adding or striking out the name of any party, (b) correcting a mistake in the name of a party or a mistake in any other respect, (c) inserting other allegations material to the case, or (d) when the amendment does not change substantially the claim or defense, conforming the pleading or proceeding to the facts proved."

The proposed amendment clearly does not fall under (a) or (d); therefore, if permissible, must fall within subdivision (b) or (c).

The power of amendment by the Code in the furtherance of justice is so large that its exercise by the Court will rarely be disturbed, because it will seldom

happen that the Court will exceed its power or abuse the discretion given it in such matters. This power, however, is not unlimited and it is a mistake to suppose that any and everything that may be proposed by way of amendment is allowable provided it is proposed before trial, *Knight, Yancey & Co. v. Aetna Cotton Mills,* 80 S. C. 212, 61 S. E. 396.

The original complaint when served had attached thereto a copy of the agreement which was being sued upon. Therefore, defendant was fully informed as to the nature of the cause of action, and it is evident that there was no *bona fide* mistake contained in the original answer so as to come within subdivision (b), *Greenville Community Hotel Corporation v. Alexander Smith, Inc.,* 230 S. C. 239, 95 S. E. (2d) 262.

The trial Judge concluded that it was unnecessary to pass upon whether or not subdivision (c) is sufficiently broad to encompass the counterclaim sought to be instituted herein in that defendant had not demonstrated the diligence required in proposing the amendment.

The original answer was filed February 11, 1960, and it was not until October 19, 1960, more than eight months after and within five days of the commencement of the term of Court at which the case was to be tried, that defendant attempted to amend. Defendant in justification of its position filed affidavit of Robert A. Troxler, president of the defendant corporation, to the effect that he was not aware of the fraudulent inducement of plaintiff's agent until he discussed the matter with J. B. Kneece on October 19, 1960, Troxler having purchased the stock in the defendant corporation from Kneece. There is no showing that Kneece was unavailable to Troxler prior to October 19, 1960. Troxler was aware of Kneece's key role in the matter, certainly from the time of the service of the complaint in November, 1959, as a copy of the agreement was attached thereto. Yet, according to his contention, he did not approach Kneece concerning this matter until October 19, 1960, or

a period of almost one year. Under these circumstances, this Court cannot say the presiding Judge abused his discretion in refusing to permit the amendment. See *Charleston & Western Carolina Railway Co. v. Joyce,* 231 S. C. 493, 99 S. E. (2d) 187; *Monteith v. Harby,* 190 S. C. 453, 3 S. E. (2d) 250; *Dunbar v. Fant,* 174 S. C. 49, 176 S. E. 866; *Parker v. Mayes,* 85 S. C. 419, 67 S. E. 559; *Mack v. Plowden,* 217 S. C. 112, 60 S. E. (2d) 57; *Lowry v. Atlantic Coast Line R. Co.,* 92 S. C. 33, 75 S. E. 278.

We are of opinion that the Order appealed from should be affirmed, and it is so ordered. Affirmed.

OXNER, LEGGE, MOSS and LEWIS, JJ., concur.