17963

R. L. HICKS, Respondent, v. Glenn H. GILES, Appellant

(127 S. E. (2d) 196)

*Messrs. Hayes & Hayes,* of *Rock Hill,* and *W. M. Brice, Jr.,* of York, *for Appellant,*

*Messrs. Simrill & Simrill,* of Rock Hill, *for Respondent,*

September 6, 1962.

Bussey, Justice.

The plaintiff-respondent in this action seeks to recover certain moneys from the defendant-appellant based upon a sharecropping agreement between the parties, the plaintiff being the owner of the land and the defendant the share-cropper, and plaintiff's farm being adjacent to a farm owned by the defendant. The complaint alleges three causes of action; the first for the recovery of half of the expenses of the farming operation; in the second, the plaintiff seeks to recover for half of the expenditures made by him in connection with the feeding and caring for an intermingled herd of cattle belonging to plaintiff and defendant; and in the third cause of action plaintiff seeks an accounting from the defendant for the profits.

Defendant interposed a general denial and the case was referred generally to Hon. Cleve E. Lytle, as special referee, who held a reference on the 19th day of October, 1959, and filed a report which was confirmed in its entirety by an order of the Honorable James Hugh McFaddin, dated January 7, 1960, from which order there was no appeal.

As certain issues were concluded by the order of Judge McFaddin, we quote the following pertinent portions from the first report of the special referee, confirmed by said order:

"After a careful review of the material evidence presented I find and conclude that the plaintiff and the defendant entered into a modified sharecropping agreement for the years 1951, 1952, 1953, 1954 and 1955. I further find and conclude that the specific terms and conditions of the sharecropping agreement were as follows:

"(a) The plaintiff and defendant agreed that the plaintiff would furnish to the defendant all fertilizers and other commodities needed in the farm operations of plaintiff's farm; and that the plaintiff and the defendant agreed that the defendant would care for the plaintiff's cows, maintain

fences, grow oats and other grain crops which could be eaten by cattle, clear farm land, cultivate and maintain permanent pasturage, and plant limited acreage of cotton and corn, all such farm operations related to plaintiff's farm.

"(b) The plaintiff and the defendant agreed that each would share equally all expenses attributed to farm operations of plaintiff's farm.

"(c) The plaintiff and the defendant agreed that each would share equally in the profits derived from farm operations of the plaintiff's farm."

In addition to the foregoing, the referee found that during certain years of the agreement an undetermined amount of oats, hay and grain crops was produced on the plaintiff's farm, and that the total crop produced for these years was fed to intermingled cattle owned by the plaintiff and the defendant. The number of cattle owned by each was approximately the same. The referee further found that during the years 1954-1955 certain cotton was produced on plaintiff's farm and that during each of said years the plaintiff had received one bale less cotton than the defendant.

Thereafter, pursuant to another order of reference, a further reference was held on July 6, 1960 at which evidence was taken in connection with the expenses of operating the farm, feeding the intermingled cattle, and profits from the farming operation, following which the special referee filed a report recommending a judgment in favor of the plaintiff in the total amount of $4,670.95, which report was confirmed by the order of Honorable Julius B. Ness, dated January 7, 1961, the appeal here being from the order of Judge Ness.

The defendant by his exceptions raised numerous questions but several of his exceptions are not properly before this court, the questions raised thereby having been concluded by the order of Judge McFaddin from which order there was no appeal, and we shall now consider only the questions which are properly before us.

The appellant contends that he should have been allowed to orally amend his answer in the middle of the second and final reference so as to plead the statute of limitations with reference to expenditures during the years 1951 and 1952. In this connection the defendant contends that the complaint was insufficient to put him on notice that the plaintiff would attempt to prove expenditures during the years 1951 and 1952. In our view not only was the complaint entirely sufficient in this respect, but, in addition thereto, Judge McFaddin's order had long since adjudicated the fact that the agreement extended from 1951 through 1955, and the defendant's liability for his share of expenses during the years in question.

The court's exercise of discretion with reference to allowance of amendments to pleadings is so broad that it will rarely be disturbed, but this power is, of course, not unlimited. *Alamance Industries v. Chesterfield Hosiery Mill,* 239 S. C. 287, 122 S. E. (2d) 648. That there was no abuse of discretion in disallowing the amendment here is clearly shown by the cases of *DeHihns v. Free,* 70 S. C. 344, 49 S. E. 841, and *Garlington v. Copeland,* 32 S. C. 57, 10 S. E. 616.

In the case of *McRae v. David,* 7 Rich. Eq. 375, decided prior to the enactment of what is now Section 10-692 of the 1952 Code, the court held, in a case almost identical with the case at bar, that it was error for the commissioner to allow the same amendment which appellant here contends the special referee should have allowed.

The plaintiff's case with reference to items of expense incurred in the farm operation, as well as items of expense in connection with the feeding of the intermingled cattle, was largely predicated upon a farm journal contemporaneously kept in considerable detail by plaintiff's wife who supported said journal, not only by her oath, but for the most part by bills and receipts. Neither plaintiff nor his wife was engaged in any farming operation other

than the one conducted under the agreement between plaintiff and defendant. The defendant alleges that it was error to allow the introduction of this journal in evidence, the exception being that it was not, in fact, a book of original entry. The undisputed evidence shows that the ledger in question was a book of original entry. In addition, there was no objection raised to its introduction in evidence, only a prior objection to the plaintiff, who did not keep the ledger, identifying it. Lastly, counsel for appellant cross examined Mrs. Hicks about the journal without reservation of any objection. *Concrete Mix, Inc. v. James,* 231 S. C. 416, 98 S. E. (2d) 841, 68 A. L. R. (2d) 542.

The appellant alleges error in that the special referee refused to allow counsel for appellant to cross examine plaintiff with respect to plaintiff's income tax returns and to elicit information as to how plaintiff reported expenses in connection with the farm.

This exception is without merit. The order of Judge McFaddin, without any appeal therefrom, had already adjudicated what the agreement between the parties was, as well as the actual basis of liability on the part of the defendant. The primary, if not the only, purpose of the second reference was to determine any amounts involved and due to the plaintiff by the defendant, and not to determine the liability or liabilities of the defendant.

Moreover, the defendant did not dispute the fact that the various commodities shown on plaintiff's farm journal were actually delivered to the farm and used in connection with the farm and the cattle. His primary contention throughout appears to be that the agreement was different from the agreement found to exist by the referee on this first reference and confirmed by the court. The commodities having been actually delivered and used as foresaid, and the basis of liability on the part of the defendant having been previously adjudicated, plaintiff's method of reporting expenses on his income tax returns was totally immaterial since his manner

of reporting the same could not possibly change the liability of the defendant.

Lastly, the appellant contends that the evidence was, in some particulars, insufficient to support the findings of fact by the referee, confirmed by the circuit judge.

In considering the sufficiency of the evidence here, we have to consider the rules applicable to both an action at law and an action equitable in nature, as both types of action are involved in the complaint. With respect to an action at law, the findings of fact by the lower court must be accepted by this court unless the lower court has committed some error of law leading to an erroneous conclusion, or unless the evidence is reasonably susceptible of the opposite conclusion only.

With respect to an action equitable in nature, the findings of fact by a special referee, concurred in by the circuit judge, are conclusive upon this court and cannot be disturbed unless it is shown that such findings are without any evidence to support them or are against the clear preponderance of the evidence. *Evatt v. Campbell,* 234 S. C. 1, 106 S. E. (2d) 447.

We have carefully studied the record, in the light of both rules, and find that the evidence amply supports the findings of the special referee, which findings of fact have been confirmed and concurred in by the circuit judge.

It is our conclusion that the exceptions of the appellant are without merit and that the judgment of the lower court should be affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.