## 18255

*Ex parte* Kenneth G. Lawrence and Morgan Cusaac, Receiver, Petitioners-Appellants. *In re* Joan Lawrence KIRVEN and Eula R. Lawrence, Appellants-Respondents, v. Hattie P. LAWRENCE, Kenneth G. Lawrence, Wilbur H. Lawrence, Mary Lawrence Clements, Frances Elizabeth Lawrence, J. R. Lawrence, Betty Jo Harter, Joe Barr, and B. I. Lawrence, Defendants, of Whom the First Seven (7) Named are, Respondents.

(137 S. E. (2d) 764)

*Rogers W. Kirven,* Esq., of Florence, *for Appellants,*

*Messrs. J. B. Clements* and *George W. Keels,* of Florence, and *Emil T. Cannon,* of Timmonsville, *for Petitioners-Appellants and Defendants-Respondents,*

August 13, 1964.

TAYLOR, Chief Justice.

This is an appeal from the Court of Common Pleas for Florence County from three Orders of the Honorable G. Badger Baker.

Plaintiffs in this action are seeking to recover from defendants certain farm land deeded on February 6, 1935, by Issac M. Lawrence to his brother, J. R. Lawrence, who, at that time, held mortgages on said lands. In May, 1935, J. R. Lawrence died intestate, leaving a widow and six children who are the first seven defendants herein. Isaac M. Lawrence died intestate in July, 1956. The plaintiffs, his widow and daughter, are claiming as his heirs-at-law. This action was begun by plaintiffs in September, 1956. During trial, in September, 1958, only one issue, out of the many raised by the pleadings, was submitted to the jury: "Did Isaac M. Lawrence have sufficient mental capacity to execute the deed to J. R. Lawrence on February 6, 1935?" The jury found in favor of plaintiffs, holding that Isaac M. Lawrence did not have the requisite mental capacity to execute the deed. The trial judge thereafter set the jury's verdict aside and declared a mistrial. On appeal to this Court, the verdict

was reinstated. See *Kirven et al. v. Lawrence et al.,* 235 S. C. 380, 111 S. E. (2d) 692.

Thereafter, defendants moved to amend and answer, pleading the Statute of Limitations and laches, ratification of the deed and restoration to the mortgage status existing on February 6, 1935, with an accounting for what has followed. They also moved for an Order of Reference.

Plaintiffs then moved for a writ of assistance to put them in possession of the property and for leave to amend and reply in the event the defendants' motions were allowed. In 1960, the above motions were heard but no ruling made thereon.

At a hearing March 31, 1961, defendants moved successfully for appointment of a receiver, before Judge Baker, who, at the same time, denied plaintiffs' motion for writ of assistance, holding that they were not then entitled to possession and permitted defendants to amend their answer to include the defenses of ratification and restoration but refused to allow them to plead the defenses of laches and Statute of Limitations. His Order to this effect was issued April 8, 1961, after Morgan Cusaac agreed to serve as receiver.

Irrespective of such Order, on the afternoon of April 8, 1961, plaintiffs either put or maintained a day laborer in occupancy of the dwelling on said lands. Meanwhile, the receiver entered into a lease agreement with Kenneth Lawrence, one of the defendants who had been in possession of the land through 1960.

The receiver and his lessee brought contempt proceedings against plaintiffs and their agents for alleged violation of their right to possession of the property. Hearing was held on April 28, 1961, before Judge Baker, who set aside and vacated the receiver's appointment by Order of April 29, 1961, and dismissed the contempt proceedings.

On May 2, 1961 the receiver and his lessee moved to set aside the Order of April 29, 1961, which vacated the receiver-

ship and for an Order validating and confirming the receiver's actions after the appointment of the receiver April 8 and before the April 29 revocation, more specifically the lease agreement with Lawrence. These motions were argued before Judge Baker on September 1, 1961, and denied by his Order of December 30, 1961. On May 2, 1961, defendants again petitioned for the appointment of a receiver, which motion was heard on September 1, 1961 and granted by Judge Baker in his Order of December 30, 1961.

Plaintiffs now appeal from portions of the Order of April 8, 1961, and that portion of the Order of December 30, 1961, which appoints a receiver. The receiver and his lessee appeal from the Order of April 29, 1961, and from that portion of the December 30, 1961, Order denying their motions made on May 2, 1961.

Plaintiffs contend first that the trial Judge abused his discretion in his April 8, 1961, Order allowing defendants to amend their answer.

Section 10-692, Code of Laws of South Carolina, 1962, reads as follows:

"The court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by (a) adding or striking out the name of any party, (b) correcting a mistake in the name of a party or a mistake in any other respect, (c) inserting other allegations material to the case or (d) when the amendment does not change substantially the claim or defense, conforming the pleading or proceeding to the facts proved."

The allowance of an amendment to pleadings under this Section is addressed to the discretion of the Circuit Judge and his action is not subject to review by the Supreme Court unless there has been an abuse of discretion. *Monteith v. Harby,* 190 S. C. 453, 3 S. E. (2d) 250; *Vernon v. Atlantic Coast Line R. Co.,* 218 S. C. 402, 63 S. E. (2d) 53. The power to permit amendments

in the furtherance of justice, given to the Court by the foregoing statutory provision, has received a very liberal construction by the Courts of this State. *Johnson v. Abney Mills,* 219 S. C. 231, 64 S. E. (2d) 641; *DeLoach v. Griggs et al.,* 222 S. C. 326, 72 S. E. (2d) 647. The Court's power of amendment to pleadings is so large that its exercise will rearely be disturbed; however, this power is not unlimited. *Alamance Industries v. Chesterfield Hosiery Mill,* 239 S. C. 287, 122 S. E. (2d) 648; *Hicks v. Giles,* 241 S. C. 129, 127 S. E. (2d) 196.

In *Pickett v. Southern Rwy.-Carolina Division,* 74 S. C. 236, 54 S. E. 375, this Court stated:

"* * * The fact that there had been two trials is not at all controlling in the exercise of this circuit court's discretion to allow amendments if he regarded them to be in futherance of justice. * * * The developments of a former trial, * * * may well suggest the propriety of amendments within the power of the court to grant. * * *"

It appears to be plaintiffs' position that Subsection (d) of Section 10-692, Code of Laws of South Carolina, 1962, was violated by allowing the defendants to plead the defenses of ratification and restoration. The Court's power of amendment under item (d) of this Section to such as "does not change substantially the claim or defense" is applicable only to amendments proposed while the Court is hearing the evidence, or after it has heard it. *Taylor v. Atlantic Coast Line R. Co.,* 81 S. C. 574, 62 S. E. 1113; *Greenville Community Hotel Corp. v. Smith,* 230 S. C. 239, 95 S. E. (2d) 262.

In instant case the Court has ordered a reference on all the remaining issues between the parties. This reference is yet to be held; therefore, subsection (d) is not applicable here, and in our opinion, there has been no showing that the trial Judge abused his discretion in permitting defendants to amend their answer by adding the defense of ratification and restoration. The proposed amendments apparently are in the furtherance of justice and ma-

terial to the case; "[m]oreover, it has long been recognized that pleadings in equity should be more liberally dealt with than those at law with respect to their contents." *Johnson v. Abney Mills*, 219 S. C. 231, 64 S. E. (2d) 641.

"Generally, one who seeks the cancellation or recision of a conveyance must, as a condition to obtaining relief, restore the other party to the position he occupied before the transaction which is sought to be cancelled, * * *." 16 Am. Jur., Deeds, Section 25, p. 451.

In 12 C. J. S., Cancellation of Instruments, § 44, p. 1004, it is said:

"Restoration of the status quo is required of one seeking judicial cancellation of an instrument. * * * the general rule is that complainant must, as a condition to his obtaining relief, restore defendant as far as possible to the position which he occupied before the transaction which is sought to be rescinded, the remedy of cancellation, like other forms of equitable relief, being subject to the maxim, He who seeks equity must do equity; equity will not assist one who repudiates his contract but retains its benefits; * * *."

We therefore, see no error in allowing the proposed amendments.

The remaining questions relate to the appointment of Morgan Cusaac as receiver on April 8, 1961, the revocation of his appointment on April 29, 1961, and his reappointment on December 30, 1961.

The power to appoint a receiver should be exercised with great caution, 16 S. C. Digest 200, Receiver, Section 1; and the appointment of a receiver and the revocation of such appointment rests in the discretion of the Court. *Vasiliades v. Vasiliades*, 231 S. C. 366, 98 S. E. (2d) 810.

Section 10-2301, Code of Laws of South Carolina, 1962, provides that "A receiver may be appointed by a judge of the circuit court, either in or out of court: (1) Before judgment, on the application of either party, when he establishes

an apparent right to property which is the subject of the action and which is in the possession of an adverse party and the property, or its rents and profits, are in danger of being lost or materially injured or impaired, * * *."

Defendants were in possession of the property under the deed executed in 1935 until this suit was instituted in 1956. After the trial in 1958, plaintiffs' application for a writ of assistance to put them in possession of the property was denied by Judge Baker on April 8, 1961. No appeal has been taken from that holding. Plaintiffs, however, over the protests of defendants, went into possession of said property and farmed same during part of 1961. Although the jury in the 1958 trial determined that the grantor of the 1935 deed was mentally incompetent when the deed was executed, defendants claim the deed was ratified in 1946 when the grantor was mentally competent. Until there has been a final determination of all issues, the right to possession of the property remains in the defendants. As they apparently did not have possession when they applied for the appointment of the receiver, the trial Judge properly, under Section 10-2301 (1), Code of Laws of South Carolina, 1962, by an exercise of his discretion, appointed the receiver by his Order of December 30, 1961.

The receiver and his lessee contend that it was error for the trial Judge to set aside the April 8, 1961, appointment by his Order of April 29, 1961, and that the trial Judge erred in not confirming or validating the receiver's and interim acts and protecting the rights acquired from him by another.

A receiver represents the Court appointing him; he is an officer of the Court and is the agency through which the Court acts. As he has no power other than that given him by the Order of appointment, his authority is derived solely from the Court. He is subject only to the Court's direction. *Peurifoy v. Gamble,* 145 S. C. 1, 142 S. E. 788, 71 A. L. R. 783; *International Shoe Co. v. U. S. Fidelity & Guaranty Co.,* 186 S. C. 271, 195 S. E. 546.

We do not deem it necessary to decide the validity ■■ of the appointment of the receiver by the Order of · Judge Baker on April 8, 1961, or whether it was proper to set aside such appointment on April 29, 1961. The fact is that by the Order of April 8, 1961, the receiver was cloaked with the apparent authority of the Court to perform certain acts in accordance with such Order. The receiver entered into a lease agreement with one of the defendants for valuable consideration, and the lessee thereby acquired certain rights which will be protected by the Courts. The acts of a receiver acting under orders of the Court should not be nullified except for grave and sufficient reasons, 75 C. J. S., Receivers, § 150, p. 794; and "* * * the termination of the receivership does not affect the validity of an unexpired lease duly made by the receiver." 75 C. J. S., Receivers, § 177, p. 823.

For the foregoing reasons, we are of opinion that the Order appealed from should be modified in conformity with the above, that the lessees' interest as it appears is entitled to the Court's protection; and it is so ordered.

Moss, Lewis, Bussey and Brailsford, JJ., concur.