21420

Betty M. HARPER, Appellant, v. Leonard T. McCOY, Respondent.

(276 S. E. (2d) 782)

*Burroughs, Green & Sasser,* Conway, *for appellant.*

*J. M. Long, Jr.,* Myrtle Beach, *for respondent.*

March 30, 1981.

HARWELL, Justice:

Betty M. Harper appeals an adverse verdict and the denial of her motions for a directed verdict and judgment *non obstante veredicto* which precluded her recovery of monies erroneously credited to respondent Leonard T. McCoy during a real property closing. We reverse.

Harper brought her action to recover $2,488.20 credited to McCoy. Paragraph 2 of the complaint alleges the following cause of action:

"2. That heretofore on or about March 1, 1973, the Plaintiff, for an agreed consideration of One Hundred Twenty-Five Thousand ($125,000.00) Dollars, conveyed that certain real estate described as the Cedar Palms Motel in North Myrtle Beach, S. C., to the Defendant; that in the closing of said transaction, an error was made in the computation of the amount due on a mortgage covering said real estate which was being assumed by the Defendant as purchaser, said error being in the amount of Two Thousand Four Hundred Eighty-Eight and 20/100 ($2,488.20) Dollars, which was the amount of unearned interest erroneously included in the amount representing the mortgage being assumed and which would have resulted in a payment of Two Thousand Seven Hundred Forty-five and 08/100 ($2,-745.08) Dollars being paid to the Plantiff at closing rather than the sum of Two Hundred Fifty-Six and 88/100 ($256-.88) Dollars; that Plaintiff had advised Defendant of this *mutual mistake* and demanded payment, which payment has been refused." [Emphasis added.]

McCoy answered by alleging that Harper warranted in her deed to him that the mortgage balance was correct. He also alleged that he verified this amount with the mortgagee and that Harper had ample opportunity to verify the amount herself.

The contract of sale provided that the yearly interest on the mortgage being assumed was to be adjusted between the parties. Under the terms of the mortgage the interest was to be calculated yearly in advance on September 1, the date the mortgage became effective. Both parties relied on the mortgagee to calculate the correct amount due at closing. The mortgagee mistakingly calculated the full year's interest in advance rather than the portion

due at the time of closing. The ultimate consequence for the plaintiff was that she received less than she contracted for since the debt assumed by the defendant was actually $2,-488.20 less than shown on the statement.

There is no question but that a computation error occurred and that McCoy has been unjustly enriched thereby. The results reached below were perhaps due to the fact that the appellant imprecisely described her cause of action. Mutual mistake provides a means to avoid a contract. *L-J, Inc. v. South Carolina State Highway Department,* 270 S. C. 413, 242 S. E. (2d) 656 (1978). The mutual mistake invalidates the formation of the contract. In this case there was no misunderstanding of terms and the contract, as a consequence, is not itself invalid. No action for a recission is stated. Here the error occurred subsequent to the formation of the contract. The appellant seeks only the full consideration she is clearly entitled to by the terms of the contract. The trial judge should have directed the verdict in her favor and entered judgment for her in the amount of the unearned interest mistakenly credited to the respondent.

Despite having described the action as based on mutual mistake, Harper in essence seeks a restitution of the monies to which she is entitled.

"A cause of action for restitution is a type of the broader cause of action for money had and received, and generally the object to be attained in proceedings for restitution is the prevention of unjust enrichment of defendant and the securing for plaintiff of that to which he is justly and in good conscience entitled. A person who has been unjustly enriched at the expense of another is required to make restitution to the other, and if one obtains the property or the proceeds of property of another, without a right to do so, restitution in a proper case can be compelled. . . .

"It is not necessary, in order to create an obligation to make restitution, that the party unjustly enriched should

have been guilty of any tortious or fraudulent act; the question is: Did he, to the detriment of someone else, obtain something of value to which he was not entitled? In such cases the simple, but comprehensive, question is whether the circumstances are such that equitably defendant should restore to plaintiff what he has received." 77 C. J. S. Restitution at 322-323.

The cause of action for restitution was properly stated and the appellant is entitled to judgment as a matter of law.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.