0287

Janie Bell BARRETT, Appellant, v. Reverend H. M. MILLER, Abraham Thompson, Lee Cliff Brown and H. Miller, Jr., as Trustees of the Church of God House of Prayer, Respondents.

(321 S. E. (2d) 198)

Court of Appeals

*Marvin P. Jackson, Jr.,* Florence, *for appellant.*

*H. W. C. Furman,* Camden, *for respondents.*

Heard May 30, 1984.

Decided Sept. 27, 1984.

GARDNER, Judge:

Appellant Barrett (Barrett), an elderly lady, owns a ten-acre tract of land in Lee County, South Carolina; her home is located on this tract. Barrett alleges that she agreed that Rev. H. M. Miller, *et al.* (the church) would be permitted to build a church building on a one-acre tract of land to be carved from her home tract. Barrett further alleges that this agreement was contingent upon her husband's being pastor of the church and when and if he ceased to be the pastor, Barrett would then have the right to reoccupy the property. The church denies this agreement and alleges that Barrett executed and delivered a deed of the one-acre church lot to the church. The church was built by its congregation with many individual members, including Rev. Barrett, actually participating in the construction of the church. Later, at a time not disclosed by the record, the church decided to get a new minister and this litigation resulted.

Barrett's complaint alleges a cause of action to set aside an alleged deed to the church of the one-acre tract of land on the grounds that the deed is a forgery and an additional cause of action for ejectment. At trial the parties agreed (1) first to submit to the jury the issue of whether Barrett signed the deed and (2) that if the jury found for Barrett, the issue of what further relief should be given the parties would be tried by the judge without a jury. After a jury verdict for Barrett, the trial judge, by oral order not of record, referred the case to the master. The master found Barrett had been unjustly enriched and recommended an $8,500 verdict against Barrett which the trial judge granted. We reverse and remand.

Barrett makes no acceptable exception to the master's ■ and trial judge's failure to specifically find that Barrett had agreed to permit the church to use the property only so long as her husband was the minister. An exception must be a concise, non-argumentive, specific state-

ment of one proposition of law or fact which the appellant claims to have been violated by the lower court. Rule 4, Section 6, Rules of Practice in the Supreme Court of South Carolina. This court will therefore not consider the master's failure to make a finding pertaining to Barrett's allegation about the limitation of the use of the property.

Barrett on appeal does, however, properly assert, *inter alia*, that the facts and circumstances of the case do not support an award of $8,500. We agree.

Distinguished counsel for the church trustees, H. W. C. Furman, for whom this Court has great respect, on oral argument before this Court, admitted (1) the whole ten acres on which Barrett's residence and the church is located is not worth $8,500 and (2) it is an unfair case all around.

Unjust enrichment is an equitable doctrine, akin to restitution, which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff. The writer suggests a careful reading of *Harper v. McCoy*, 276 S. C. 170, 276 S. E. (2d) 782 (1981). Barrett could not, as a matter of law, be enriched more than the increase in the value of the one-acre lot brought about by the construction of the church. We so hold.

Moreover, if the agreement of the parties, which is not of record, could be construed as envisioning relief under the Betterment Statutes,[1] this should have been the procedure followed. Where a plaintiff has an adequate remedy at law, equitable relief is not normally in order. 27 Am. Jur. (2d) *Equity*, § 87.

For the reasons given, judgment below is reversed, and the case is remanded. Upon retrial, if the agreement of counsel permits, relief is to be granted under the Betterment Statutes. Additionally, any monetary relief awarded the church must be confined to the increase in the market value of the church lot brought about by the building of the church. It is so ordered.

Reversed and remanded.

SANDERS, C. J., and GOOLSBY, J., concur.

---

[1] Sections 27-27-10 through 27-27-100, South Carolina Code of Laws, 1976.