16491

JOHNSON v. ABNEY MILLS

(64 S. E. (2d) 641)

*Messrs. Haynsworth & Haynsworth,* of Greenville, and *Grier, McDonald, Todd & Burns,* of Greenwood, *for Appellant,*

*Messrs. Wyche, Burgess & Wofford,* of Greenville, *Young, Bell & Callison,* of Greenwood, and *Harvey W. Johnson* and *James B. Stephen,* of Spartanburg, *for Respondent,*

234

April 11, 1951.

STUKES, Justice.

This appeal is concerned with the content of appellant's answer. In the complaint of respondent, served on January 20, 1950, he alleges that he is the holder of a certificate evidencing ownership of ten shares of common stock of no par value of a former South Carolina corporation known as Brandon Corporation, was thereby entitled to a pro rata of the profits and to vote at stockholders' meetings; Brandon Corporation, The Abney Mills and Belton Mills merged in November, 1949, under the provisions of Section 7757 *et seq.* of the Code of 1942; four named persons were directors in all three of the corporations whereby, quoting from the complaint, "plaintiff's interest as a shareholder in Brandon was subject to abuse," and one of them was president of all three; shareholders in Brandon were entitled to re-

ceive in exchange for their former shares preferred stock of the new corporation at a stated rate per former share, with limited voting rights; plaintiff received notice, etc., of the stockholders' meeting, but in view of the majority ownership by Abney Mills of the stock of Brandon, he believed it futile to vote against the proposed merger, but telegraphed the president of the corporation authorizing him to vote as plaintiff's proxy against the plan; the proxy was not used and the shares not voted, but the plan would have been adopted anyway; it is not the intention of the cited code section that a merger be effected in the manner set forth in the complaint which would deprive plaintiff of his property without due process of law by requiring him to surrender his shares in exchange for preferred stock with limited voting rights; plaintiff has declined to acquiesce in the merger and has not surrendered his stock or accepted dividends upon the new preferred stock because he would be entitled to greater dividends on the old stock and able to vote at stockholders' meetings, and has now elected to avail himself of the provisions of code Section 7759 relating to the rights of dissenting stockholders. The prayer of the complaint is that the merger agreement be adjudged null and void, the former Brandon Corporation be held to be still in existence; that the plaintiff be awarded dividends on his stock; that section 7757 be construed as not authorizing the described merger or that it be held to be in violation of article 14, section 1, of the Constitution of the United States and article 1, section 5, of the State Constitution.

Appellant answered and respondent made a motion to strike certain allegations of the answer, which was granted in large part by order of the court dated April 22, 1950. Appellant served notice of appeal to this court but instead of then perfecting the appeal appellant gave notice of motion on June 2nd to amend the answer and served with the notice a copy of the answer as it was sought to be amended. It included matter formerly stricken and, in great detail, the history of respondent's stock and the litigation relating

to it when held as part of 210 shares by respondent's assignor, who is his mother. In the record for appeal, and apparently before the lower court without objection, is the affidavit of the latter, dated November 27, 1949, in which she averred that she in May, 1949, made a gift of the ten shares of Brandon Corporation to respondent who is her oldest son and has lived in Milwaukee, Wisconsin, since 1915. Before making this motion to amend, appellant obtained order of reference on May 11 and hearing was set for May 25, postponed; and on May 26 the notice of motion to amend was served on respondent's counsel.

By order dated July 15, 1950, the lower court refused appellant's motion to amend its answer. Appeal was perfected upon exceptions which challenge the correctness of the order of April 22, 1950, which struck allegations from the original answer, and the correctness of the order of July 15, 1950, which refused the proffered amendments of the answer. Upon disagreement as to the contents of the exceptions and of the transcript for appeal the lower court issued its order of settlement on Oct. 13, 1950, whereby it revised the exceptions and confined the appeal to the order which refused amendment of the answer. Appellant again appealed.

The right of appellant to present its exceptions and ▐▌ have heard its appeal from the order of April 22nd striking allegations from the answer will be first considered. Undoubtedly the right would be available upon appeal from final judgment. Code, secs. 26.(D) (1) and 777. We think it is presently cognizable. The advantage of such procedure is obvious. Upon reversal or modification the pleadings would thereby be properly framed and the issues defined for trial. *Rice Hope Plantation v. S. C. Public Service Authority,* 216 S. C. 500, 59 S. E. (2d) 132. The exceptions to the order settling the record for appeal are sustained.

However, the subsequent motion to amend the answer, pending appeal from the prior order which struck allegations

from the original answer, and the order and perfected appeal therefrom make unnecessary express consideration of the propriety of the order of April 22nd. The same purpose will be served and result achieved by consideration of the assignments of error relating to the order of July 15th which was made after hearing arguments upon appellant's motion to amend the answer, and with reference to which no question is made of seasonable perfecting of appeal.

The caution with which allegations should be stricken from pleadings and the governing principles were briefly but pointedly discussed in the recent case of *Archambault v. Sprouse*, 215 S. C. 336, 55 S. E. (2d) 70. Correlative liberality should be exercised with respect to the allowance of amendments. Sec. 494, Code of 1942, *Braudie v. Richland County*, 217 S. C. 57, 59 S. E. (2d) 548, *Mack v. Plowden*, 217 S. C. 112, 60 S. E. (2d) 57. Moreover, it has long been recognized that pleadings in equity should be more liberally dealt with than those at law with respect to their contents. *Smith v. Smith*, 50 S. C. 54, 27 S. E. 545. *McCallum v. Grier*, 86 S. C. 162, 68 S. E. 466. "The rules of pleading in equity are generally broader and more elastic than those at law * * *." 30 C. J. S., Equity, § 179, pp. 635, 636. Irrelevant allegations in pleadings in law actions may be prejudicial because before a jury and that element is absent in the case of pleadings in actions in equity which are triable by the court. Furthermore, the latter is better able to determine relevancy on trial, and consider only matter which is pertinent to the issues, than to undertake such determination on the pleadings and upon preliminary motions to strike or to amend.

Evidentiary matter need not, and should not, be pleaded. We think that appellant mistakenly endeavored to do so in its proposed amended answer, and the court did not err in the refusal of the allowance of such to the extent hereinafter stated. A defense of appellant is that the respondent is not the real party in interest, but that his mother and assignor is. Ordinarily, as here, a

plaintiff must be a real party in interest. Sec. 397, Code of 1942. *Lucas v. Garrett,* 208 S. C. 292, 38 S. E. (2d) 18. Appellant's allegation to the contrary is therefore assertive of a valid defense to the action. The absence of such an express allegation in the original answer was brought forcefully to appellant's attention by statement of the court in the order of April 22nd, in effect that it was not alleged in the answer that respondent is not the real party in interest.

Further considering in detail the proposed amended answer, leave for which was refused by order of the lower court dated July 15th, it is noted that in paragraph III of the First Defense, after the first sentence, beginning "The major proceedings in the seven separate suits" and through the remainder of that paragraph III, is contained purely evidentiary matter which we think should not be permitted to be pleaded. This is not to say that the facts alleged are irrelevant, which can better be determined when evidence to sustain them is offered upon trial. The trial court will be in far better position to determine the relevancy, and therefore the competency, when the proof is offered.

The ultimate facts alleged in the proposed amended answer cannot safely be now said to be irrelevant to the controversy. The prior litigations between respondent's assignor and appellant, and between respondent and appellant, concerning the shares sued upon, appear at this stage to be relevant, as do the almost unanimous action of the stockholders, the resultant completion of the merger, the course pursued by respondent's mother and recent assignor with respect to the bulk of her holdings, and the history of Brandon Corporation shares, their earning record, sales and market value. These are the principal matters presently challenged for relevancy.

The result of our consideration is the conclusion that appellant's proposed amended answer should have been allowed, except the evidentiary matter included in paragraph III of the First Defense, after the first sentence of that

paragraph, which latter we think the lower court properly rejected. To the latter extent only the order of July 15th is affirmed; in all other respects it is reversed and appellant has leave to serve an amended answer accordingly, within twenty days after remittitur filed.

Affirmed in part; reversed in part.

FISHBURNE, TAYLOR and OXNER, JJ., and E. H. HENDERSON, A. A. J., concur.