## 18005

J. M. S., INC., Respondent, v. Joe H. THEO and W. J. Theo, Partners doing business under the trade name of Theo Brothers, Appellants

(128 S. E. (2d) 697)

*Messrs. Odom, Nolen & Foster,* of Spartanburg, *for Appellants,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, and *Holcombe & Bomar,* of Spartanburg, *for Respondent*

December 13, 1962.

TAYLOR, Chief Justice.

This is an action for damages for an alleged breach of a construction contract. The complaint alleges that plaintiff, a South Carolina Corporation, contracted with defendants to construct a dam on plaintiff's land in 1954, and as was usual and customary a floodgate was installed in this dam by defendants for the purpose of controlling the level of the water in the lake above such dam. It is futher alleged that an emergency developed in 1956 requiring the floodgate to be opened, however, the floodgate did not operate causing plaintiff to be damaged in the amount of $4500.00. Plaintiff alleges that the floodgate failed to work because of faulty, improper and unworkmanlike installation by defendants.

Plaintiff moved to strike certain portions from the answer of the defendants and the Honorable Bruce Littlejohn by his Order of June 23, 1961, ordered the defendants to strike portions of Paragraphs 2 and 4 of the first defense and to strike the third defense and the fifth defense.

The transcript of record contains five exceptions by defendants to the Order of Judge Littlejohn; however only two of these exceptions have been argued in defendants' brief. The three remaining exceptions are considered abandoned by this Court. Section 2 of Rule 8 of the Rules of The Supreme Court; *Field v. Gregory,* 230 S. C. 39, 94 S. E. (2d) 15; *State v. Rayfield,* 232 S. C. 230, 101 S. E. (2d) 505.

The first of the exceptions pursued by defendants in their brief alleges that it was error to sustain plaintiff's motion to strike a portion of the second paragraph of defendants' first defense which reads as follows:

"The Defendants deny that they were paid in full for their services in accordance with said contract and specifically

allege that the Defendants performed numerous extra services for which they were not paid. That upon completion of the dam the Plaintiff and the Defendants agreed upon a settlement of the amount due the Defendants."

Paragraph 3 of the plaintiff's complaint contains in part the following:

"The Defendant entered upon the construction of said dam in accordance with said contract and completed construction on or about the 14th day of August 1954. Defendants were paid in full for their services in accordance with their contract."

A motion to strike is addressed to the sound discretion of the Circuit Judge, *Mikell v. McCreery-Pressley Co.,* 105 S. C. 25, 89 S. E. 467; *Staton v. Bell,* 170 S. C. 395, 170 S. E. 666; *Ellen v. King,* 227 S. C. 481, 88 S. E. (2d) 598, and as the complaint in this case is restricted solely to the alleged improper installation of the floodgate, all allegations of payment or nonpayment of the contract are immaterial. In addition, defendants' allegation of nonpayment by plaintiff is inconsistent with their further allegation in Paragraph 2 denying at anytime entering into a contract with plaintiff. Even the portion of Paragraph 2 which was ordered stricken is self-contradictory in that the defendants deny they were paid in full, which implies that there is an unpaid balance owing, and then state that the plaintiff and defendants agreed upon a settlement of the amount due.

"A defense is irrelevant when it has no substantial relation to the controversy between the parties to the action, and when the issues formed by its denial can have no connection with, or effect upon, the cause of action." *Olympic Radio and Television, Inc., v. Baker,* 230 S. C. 383, 95 S. E. (2d) 636.

The allegation stricken from Paragraph 2 of defendants' first defense has no substantial relationship to the controversy between the parties. Therefore, the motion to strike was properly granted by the Circuit Judge.

The other exception, argued in defendants' brief, claims error in striking defendants' third defense. Respondent based their motion to strike certain allegations in defendants' answer on the grounds that said allegations were immaterial, irrelevant, redundant and prejudicial. Section 10-606, Code of Laws of South Carolina, 1952, provides that "If irrelevant or redundant matter be inserted in a pleading it may be stricken out on motion of any person aggrieved thereby. * * *"

"Allegations which set forth matters foreign and immaterial to the controversy are considered irrelevant; whereas, excessive fullness of detail or the repetition of facts are treated as being redundant." *Daniel v. Gardner*, 240 N. C. 249, 81 S. E. (2d) 660.

" 'Redundancy' consists of the needless repetition of material allegations, or of the insertion of irrelevant matter. Irrelevant matter is always redundant, although redundant averments may not be irrelevant. Term 'redundant' has been further defined as exceeding what is natural or necessary; superfluous, superabundant, excessive. *Sheldon v. Board of Education of City of Lawrence*, 4 P. (2d) 430, 432, 134 Kan. 135." 36A Words and Phrases, "Redundancy", p. 164.

It is apparent to us that defendants' third defense is merely a repetition of the allegations contained in their first defense and was properly stricken from the answer by the Circuit Judge.

For the foregoing reasons we are of opinion that all exceptions should be dismissed and the judgment appealed from affirmed; And It Is So Ordered. Affirmed.

Moss, Lewis and Brailsford, JJ., and Legge, Acting Associate Justice, concur.