18993

William Cecil FUNDERBURKE, by g/a/l, C. F. Dawes, Respondent.
v. Allison G. JOHNSON and Carolyn W. Johnson, Appellants

(171 S. E. (2d) 597)

*Messrs. Suggs & McCutcheon,* of Conway, *for Appellants,*

*Messrs. Stevens & Holt,* of Loris, *for Respondent,*

December 17, 1969.

LITTLEJOHN, Justice.

This action was brought by a two year old child through his Guardian *ad Litem* to recover for personal injuries alleged to have been proximately caused by the negligent and reckless operation of a motor vehicle.

The defendants, who are the owner and operator of the motor vehicle, answered the complaint, setting forth in form four separate numbered defenses: 1. a general denial; 2. sudden emergency; 3. unavoidable accident; and 4. sole negligence, recklessneses and willfulness on the part of the parents of the plaintiff and/or of those persons in charge of him, in several particulars set out in the answer. There is no contention that contributory negligence on the part of the child or on the part of the parents is a defense, and contributory negligence is not alleged against either the child or his parents.

The case was tried before a jury, which could not agree on a verdict, and a mistrial resulted. During the course of that trial, on motion of counsel for the plaintiff, the fourth defense of sole negligence, recklessness and willfulness on

the part of the parents and/or custodian was stricken from the answer. From this ruling the defendants appeal.

The only issue for the determination of this court is set forth in defendants' brief as follows: "Was the trial court in error in striking from the defendants' answer the entire fourth defense?"

A motion to strike is addressed to the discretion of the trial judge. *J. M. S., Inc. v. Theo,* 241 S. C. 394, 128 S. E. (2d) 697 (1962); *Ellen v. King,* 227 S. C. 481, 88 S. E. (2d) 598 (1955).

"Evidentiary matter need not, and should not, be pleaded." *Johnson v. Abney Mills,* 219 S. C. 231, 64 S. E. (2d) 641 (1951).

Circuit Court Rule No. 18 states in part that "(i)n all cases of more than one * * * defense * * *, each shall be separately stated and numbered * * *."

The issue of sole negligence, recklessness and willfulness was separately stated and numbered so as to make it erroneously appear that it was a separate defense. We hold that the trial judge had the discretion, if not the duty, to grant the motion to strike. See Section 10-606 of the Code. In so ruling it should be distinctly understood that we are not holding that evidence of the conduct of the parents and/or the custodian of the child is inadmissible. The plaintiff, by bringing the action against the defendants, has assumed the burden of proving by the preponderance of the evidence that wrongful conduct of the defendants was the proximate cause of his injuries. The defendants are entitled under their general denial to introduce in evidence that which tends to controvert what the plaintiff must prove to establish a cause of action. The allegations of the fourth defense were an unnecessary statement of that which the defendants were entitled to prove under the general denial.

In *Long v. Mild,* 347 Mo. 1002, 149 S. W. (2d) 853 (1941), the court held that the sole cause issue could be

raised under a general denial. A defendant is entitled to submit evidence tending to prove that the conduct of some third party (parents here) was the sole cause of the injury, as it might tend to defeat plaintiff's claim of actionable negligence and as it might exonerate defendants of all wrongdoing as a proximate cause of the alleged injury.

The question involved is treated in 71 C. J. S. Pleading § 529, p. 1093 (1951):

"Evidence Admissible under General Denial—Any evidence which contradicts, or directly tends to contradict, facts which the adverse party is bound or permitted to establish to sustain his claim or defense is admissible under a general denial. Any fact which goes to destroy, not to avoid, plaintiff's cause of action is provable under a general denial * * *."

The same question is treated in 41 Am. Jur. 541, Pleading § 366 (1942):

"Of General Denial—A general denial puts in issue every material allegation of the complaint, except those admitted. It goes to the root of the cause of action and permits the introduction of any proper evidence tending to controvert the facts which the plaintiff must establish to sustain his case."

The contention that the injuries of the minor plaintiff were the proximate result of the sole negligence and willfulness of a third party rather than that of the defendants, is thus not properly treated as a separate defense to the cause of action. It is, however, evidence admissible under the general denial to controvert facts that the plaintiff must prove to establish a cause of action.

Affirmed.

Moss, C. J., and Lewis and Brailsford, JJ., concur.

Bussey, J., dissents.

Bussey, Justice (dissenting).

I most respectfully dissent. The fourth defense stricken by the lower court, in my view, alleged no evidentiary matter.

It clearly contained no irrelevant or redundant matter and Sec. 10-606 of the Code is, therefore, inapplicable.

While this court has not heretofore had occasion to pass upon the precise question, there is considerable authority from several other jurisdictions, including numerous Missouri cases in addition to *Long v. Mild,* cited in the majority opinion, for the proposition that "the sole cause issue" may be raised under a general denial and that such does not have to be pled. No case, however, has come to my attention holding that it is erroneous, or prejudicial to a plaintiff, to allow the pleading of such matter in defense. Indeed, I cannot conceive of how such could possibly be prejudicial to a plaintiff. To the contrary, a plaintiff is normally benefited as a result of being advised precisely as to what a defendant contends.

Whether such be necessary or required, it is and has been rather common practice in this state to plead, in defense, the negligence of a third party as the sole proximate cause of an injury. Whether such be denominated a defense, separate defense, or otherwise, in this jurisdiction it is well recognized that proof of such constitutes a bar to recovery against the defendant. *Stone v. Bethea,* 251 S. C. 157, 161 S. E. (2d) 171 (1968); *Daniels v. Timmons,* 216 S. C. 539, 59 S. E. (2d) 149 (1950). Whether or not required to be pled, the negligence of a third party as the sole proximate cause is recognized and denominated as a defense in other jurisdictions, including those holding that such defense may be raised under a general denial. We quote the following from 65A C. J. S. Negligence § 181, p. 321. "The sole negligence of a third person is a complete defense."

As stated in the majority opinion, a motion to strike is generally addressed to the sound discretion of the trial judge, provided, however, such discretion not be abused or the exercise thereof be not controlled by error of law.

In the present case, the motion to strike was predicated upon an untenable legal ground. The motion shows that

counsel erroneously equated negligence on the part of the parents or custodian, as the sole proximate cause of the injury, a complete bar to recovery, with contributory negligence on the part of the parents, which, of course, is not a bar to recovery in an action by the child. The ruling of the trial judge in granting the motion and the subsequent conduct of the trial rather clearly indicate to my mind that he was controlled by error of law in granting the motion. His ruling was, to some extent, ambiguous, but clearly he did not rule in accordance with the majority opinion, that evidence was admissible, under a general denial, tending to prove that third party negligence was the sole proximate cause of the injury. While no exception is specifically addressed to the exclusion of evidence, it is clear from the statement of the case and briefs of counsel that his Honor followed up his ruling, striking the fourth defense, by actually excluding evidence proffered to prove that, in fact, the negligence of the parents and/or custodian was the sole proximate cause of the injury.

While I am inclined to agree with the proposition that, as a general rule, evidence is properly admissible under a general denial, tending to prove the negligence of a third party as the sole proximate cause, and conclude that the trial judge was in error in excluding such evidence in the instant case, after striking the defense, I am, nevertheless, convinced that it is good practice to plead such matter. There are, indeed, cases in which, in my view, a defendant should be required to plead such in order to avoid surprise to the plaintiff and to prevent delay in the administration of justice. For instance, cases sometimes arise wherein there is mistaken identity, either alleged or actual, of a particular driver or a particular vehicle in automobile collision cases. If, perchance, a plaintiff has made, or is alleged to have made, a mistake of identity, a defendant should not be allowed to wait until trial and spring such as a surprise on the plaintiff. The plaintiff can never suffer prejudice as a result of having been advised of the alleged fault of a third party, as sole

proximate cause, but to the contrary, is benefited by knowing fully any defenses of a defendant. Of course, if a defendant should fail to produce evidence to substantiate such a defense, a motion to strike the same at the conclusion of the trial would be in order.

On the other hand, a defendant should be entitled to plead all relevant matters in defense, in order that the jury might know at the outset of the trial all of the contentions of the respective parties and be able to weigh all of the evidence in the light of such contentions. If such a plea on the part of a defendant be held improper or impermissible, situations could well arise in which the jury would not be advised of a most important contention of a defendant until late in a trial.

In any event, in this case, to the extent that the motion was addressed to the discretion of the trial judge, I am convinced that the exercise of his discretion was controlled by error of law in granting the motion, with resulting prejudice to the defendants. It is accordingly my view that the order of the lower court should be reversed.