## 19373

John B. OWENS, Sr., as Administrator of the Estate of John B. Owens, Jr., Appellant, v. Thomas Maxwell GRESHAM, Respondent.

(186 S. E. (2d) 816)

*Messrs. Odom, Nolen, Terry & Abernathy,* of Spartan-
burg, *for Appellant,*

*Messrs. Carlisle Bean & Hines,* and *Butler, Means, Evins & Browne,* of Spartanburg, *for Respondent,*

*Messrs. Odom, Nolen, Terry & Abernathy,* of Spartanburg, for Appellant, *in Reply,*

February 17, 1972.

LEWIS, Justice:

This action was brought to recover for the alleged wrongful death of plaintiff's intestate, John B. Owens, Jr., who was instantly killed while riding in an automobile driven by defendant, Thomas Maxwell Gresham. The fatal accident occurred when the automobile in which the intestate was riding was struck by an automobile driven by one Carolyn Lynne Fowler. Originally the action was brought against both the defendant Gresham and Fowler; but subsequently the claim against Fowler was settled under a covenant not

to sue and the complaint amended so as to eliminate her as a party to the action. The cause then proceeded to trial against defendant Gresham alone and resulted in a jury verdict in his favor.

Plaintiff has appealed from the adverse judgment, presenting two basic questions for decision. The first involves an exception to instructions to the jury that plaintiff could only recover under the provisions of the guest statute, Section 46-801, 1962 Code of Laws. Under the second, plaintiff charges that the trial judge erred in refusing to strike from defendant's answer the second defense which alleged that the accident was due solely to the negligence and recklessness of Fowler, the third party.

The guest status of the deceased as an occupant of defendant's vehicle was an issue in the trial of the case. The complaint alleged that the deceased was a "passenger" in the automobile at the time of his death and that the defendant, the driver, operated the vehicle in a negligent and reckless manner. The answer contained, in effect, a denial of those allegations and only admitted that intestate "was riding in a certain automobile driven by this defendant."

Upon the trial, the testimony showed that, shortly before the accident, defendant stopped his automobile at a filling station near Lyman, South Carolina. He left the motor running, with the lights on, and went inside the station where the deceased was watching television. As the result of a conversation between them, deceased went outside, locked his automobile and entered the defendant's vehicle. They left together, with defendant driving, and the fatal accident occurred shortly thereafter. Defendant and the deceased were personal friends.

Testimony showing the nature of the foregoing conversation between deceased and defendant was, upon defendant's objection, ruled inadmissible by the trial judge; and defendant testified that he could not remember any of the facts surrounding the accident, including the events prior

and subsequent thereto. Admittedly, there was no direct testimony showing the status of deceased in the automobile at the time of the accident.

Under the foregoing testimony and pleadings, the trial judge, over plaintiff's objections, instructed the jury that plaintiff could recover only under the guest statute. Such was tantamount to a ruling that the deceased occupied the status of a guest, as a matter of law. This was error.

At common law, the owner or operator of a motor vehicle owed to a guest the duty to exercise ordinary care to avoid injuring him. This common law rule has been modified in this State by our guest statute, Section 46-801, 1962 Code of Laws, which, pertinent here, provides:

"No person transported by an owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such motor vehicle or its owner or operator for injury, death or loss in case of an accident unless such accident shall have been intentional on the part of such owner or operator or caused by his heedlessness or his reckless disregard for the rights of others."

The limitation of liability under the foregoing statute applies only to a guest who is transported by the host *without payment*. Payment does not necessarily mean that a pecuniary consideration has been paid directly to the host. It is generally agreed that "the payment or compensation which the carrier derives from the undertaking need not consist of cash or its equivalent, but may consist of some other substantial benefit, recompense, or return making it worthwhile for him to furnish the ride." 60A C. J. S. Motor Vehicles § 399.11a, p. 859. See also: 8 Am. Jur. (2d), Automobiles and Highway Traffic, Section 478; Prosser on Torts, (3d) Ed., Section 60, p. 392 *et seq.*

As stated in 8 Am. Jur. (2d), Automobiles and Highway Traffic, Section 475:

"A person riding in a motor vehicle is a guest if his transportation confers a benefit only upon himself and no

benefit upon the owner or operator except such as is incidental to hospitality, social relations, companionship, or the like as a mere gratuity; But if his transportation contributes such tangible and substantial benefits as to promote the mutual interests of both the passenger and the owner or operator, or is primarily for the attainment of some tangible and substantial objective or business purpose of the owner or operator, he is not a guest."

Whether one is a passenger or a guest depends largely upon the facts and circumstances of each particular case.

The plaintiff alleged in his complaint that the deceased, at the time of his death, "was riding as a passenger" in the defendant's automobile.

When used in distinction to the term "guest," "passenger," ordinarily designates an occupant of the motor vehicle, who has contributed some tangible and substantial benefit to the owner or operator for the ride, rendering the owner or operator liable for ordinary negligence.

The complaint, therefore, in describing the status of deceased in the automobile as that of a passenger, in effect, alleged that the deceased was riding in the vehicle for the purpose of contributing some tangible and substantial benefit to defendant, which would render defendant liable for the failure to exercise ordinary care. The question then is whether there was any evidence to sustain a reasonable inference that the status of the deceased was that of a "passenger". If there was such evidence, the trial judge was in error in instructing the jury that, as a matter of law, the deceased was a guest and that the right of recovery was governed solely by the guest statute.

There was no direct testimony as to the purpose for which the deceased accompanied the defendant. The testimony, as previously stated, shows that defendant stopped at the filling station where the deceased was engaged in watching television. Defendant went into the

station and, after a conversation between them, the two left in defendant's automobile. It is reasonable to assume that, whatever the mission, the deceased entered into it at the instigation of the defendant. While the testimony is susceptible of other inferences, it also sustains an inference that defendant sought out the deceased and secured his company for some mission or purpose beneficial to defendant. Under these circumstances, we think a jury issue was presented as to the status of the deceased in the automobile at the time. The trial judge was therefore in error in instructing the jury that, as a matter of law, the relationship between defendant and the deceased was that of host and guest.

The remaining question involves plaintiff's contention that the trial judge erred in refusing to strike the second defense from the answer, which alleged that the fatal injury to the deceased was "solely caused" by the negligence of the third party. Under a general denial, which was also interposed, such may be proved. We are here, however, dealing solely with a question of pleading.

The motion to strike should have been granted. We so held under similar pleadings in *Funderburke v. Johnson,* 253 S. C. 430, 171 S. E. (2d) 597.

The judgment is accordingly reversed and the cause remanded for a new trial.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.