20337

Caroline B. BARBER, Appellant, v. CITIZENS AND SOUTHERN NATIONAL BANK of South Carolina, Respondent. James W. BARBER, Appellant, v. CITIZENS AND SOUTHERN NATIONAL BANK of South Carolina, Respondent.

(231 S. E. (2d) 295)

*Messrs. Rentz, Anders & DeBerry,* of Columbia, *for Appellants,*

*Joseph L. Nettles, Esq.,* of Columbia, *for Respondent,*

January 5, 1977.

*Per Curiam:*

This appeal involves a three vehicle accident in the City of Columbia in the year 1971. Mrs. Barber brought an action for personal injuries and property damages and her husband for loss of consortium. Respondent's answers pled a general denial and contributory negligence. The actions were tried together and the jury returned verdicts in favor of the respondent.

Appellants' motions for new trials were denied. As grounds for appeal appellants assert: (1) the verdicts for the respondent were not supported by the evidence, (2) improper cross-examination of Mrs. Barber, and (3) error by the trial judge in charging the jury the law relating to insulated or intervening negligence of a third party. Finding no error, we affirm.

Mrs. Barber testified that she was traveling west on Forest Drive at or near the intersection of York Drive at which time respondent's van driven by its employee, Willie James Sims, traveling east, crossed the center line and collided head-on with her vehicle. The investigating police officer found both Mrs. Barber's car and respondent's van at rest in the westbound lane. The weather was rainy.

Mrs. Willa S. Bellamy, driver of the third vehicle involved in the accident but not joined as a party in the instant suits,

testified for appellants that the respondent's truck struck the rear end of her automobile before crossing the center line and colliding with Mrs. Barber. She further testified that she had stopped in order to turn left off Forest Drive when she saw respondent's van in her rearview mirror skidding towards her, and that she attempted to pull forward in order to avoid the collision. She testified she had given a proper turn signal.

Sims, driver of respondent's van, testified that the Bellamy vehicle was traveling east on Forest Drive in front of him when, without any signal, she "hit the brakes like she was going to turn left" but didn't. He testified he had to brake suddenly to avoid missing her and the braking action of the van caused him to glance downwards. As he was looking up again, Mrs. Bellamy had hit the brakes again and started to make another left turn, again without any signal. This time when she hit her brakes, the van he was driving slid into the rear end of the Bellamy vehicle. The force of the rear end collision on the wet street caused the van to slide across the center line into the westbound lane. He testified Mrs. Barber hit the van after the van had come to a complete stop.

Appellants first allege error on the part of the trial court in denying their motions for new trials, arguing that the only reasonable inference to be drawn from all of the evidence is that the respondent's employee, Willie James Sims, was guilty of negligence which was a contributing proximate cause of the initial collision with the Bellamy vehicle which in turn caused the second collision with Mrs. Barber's vehicle and the resultant injuries and damages. They maintain there was no evidence to support a finding of contributory negligence by Mrs. Barber, or sole, intervening negligence by Mrs. Bellamy. We disagree.

> Sims testified that Mrs. Barber hit him as he was attempting to get out of the passenger side of the van (after the van had crossed the median and had come

to rest) and that ". . . no other car would have hit them if it hadn't been just that she drove up and hit it . . . ." This testimony supports a reasonable inference that Mrs. Barber could have avoided the collision if she had maintained a proper lookout. If Sims' version that Mrs. Bellamy did not give turn signals was believed, the testimony was susceptible of the conclusion that Mrs. Bellamy's negligence was the sole proximate cause of the initial and subsequent collisions. As more than one reasonable inference can be drawn from the evidence the case was properly submitted to the jury. *Hart v. Doe,* 261 S. C. 116, 198 S. E. (2d) 526 (1973).

Not only was there support for the jury's verdicts, but appellants failed to make the necessary motions for directed verdicts based on the absence of evidence to support the defenses. Failure to make these motions precludes challenge in this Court to the sufficiency of the evidence. *Evans v. Wabash Life Insurance Co.,* 247 S. C. 464, 148 S. E. (2d) 153 (1966).

Appellants next allege error in the trial court's allowance of cross-examination of Mrs. Barber regarding insurance coverage of her numerous doctor visits after release from the hospital. Respondent's counsel in rebuttal to the objection of appellants' counsel stated, in the jury's presence, that the insurance had nothing to do with Mrs. Barber's right to recover but that he wished to bring out coverage for impeachment purposes. He stated that he hoped to show that because her trips were covered by insurance and did not require-out-of-pocket expenses, she was motivated by a desire to build up her case rather than the need for medical treatment. The trial judge ruled that Mrs. Barber's motive in visiting the doctor was a jury question and allowed the cross-examination.

We reserve comment on this line of questioning as we find appellants suffered no prejudice thereby. Not only did the gambit backfire when Mrs. Barber testified she had to pay out of her own pocket for the trips, but the jury's verdict in

favor of the respondent precluded any consideration of damages by negating liability.

Unquestionably, Mrs. Barber sustained injuries as she was hospitalized three weeks as a result of the accident. The impeachment was directed at the amount of damages. Had the jury found for her and she were appealing the inadequacy of the verdict she would have standing to raise this issue. However, a verdict in favor of the respondent on liability renders any errors on cross-examination directed at mitigating damages irrelevant and harmless.

Lastly, appellants charge error in the trial judge's charging the jury as to the law of insulated or intervening negligence of a third party—as such raised a new "defense" not raised in the answer and was unavailable under a general denial. The trial judge properly overruled appellants' objection to the charge.

The issue of sole negligence sometimes referred to as insulated or intervening negligence is not a separate defense and can be raised under a general denial. *Funderburke v. Johnson,* 253 S. C. 430, 432, 171 S. E. (2d) 597.

"The plaintiff, by bringing the action against the defendants, has assumed the burden of proving by the preponderance of the evidence that wrongful conduct of the defendants was the proximate cause of his injuries. The defendants are entitled under their general denial to introduce in evidence that which tends to controvert what the plaintiff must prove to establish a cause of action. The allegations of the fourth defense (sole negligence of a third party) were an unnecessary statement of that which the defendants were entitled to prove under the general denial." *Funderburke, supra,* at 432, 171 S. E. (2d) at 598.

Accordingly, the judgment of the lower court is Affirmed.