0384

James O. LITES, Respondent, v. Theodore TAYLOR, Appellant.
(326 S. E. (2d) 173)

Court of Appeals

*Deena Smith McRackan,* Columbia, *for appellant.*

*James T. McLaren,* of *Draine & McLaren,* Columbia, *for respondent.*

Heard Dec. 11, 1984.

Decided Feb. 1, 1985.

SANDERS, Chief Judge:

James O. Lites sued Theodore Taylor for damages resulting from Taylor's breach of a contract to make certain additions to Lites' home. The Circuit Court Judge, sitting without a jury, granted Lites a verdict of $25,000 actual damages, and Taylor appeals. We affirm.

Lites testified that he and Taylor reached an oral agreement for Taylor to relocate Lites' septic tank and build a den, fireplace, laundry room and cover to an existing porch. This work was to be performed for the sum of $8,500, a portion of which would be paid in advance. Lites also testified that it was agreed Taylor would have the job completed by a certain date so that Lites could give his son's wedding reception in the home. Lites went on to testify that he advanced Taylor a total of $5,000 before Taylor abandoned the job and refused to complete it.

According to Lites' further testimony, the work which Taylor had done was far from satisfactory: foundations were not poured or were poured improperly; framing and joists were improperly placed; support pillars were omitted; construction was not protected from water damage; and the septic tank was improperly installed, resulting in exposure to open sewage. Lites also stated the work was not completed in time for the wedding reception even though he engaged another contractor, at the cost of an additional $13,000, to finish the job. Finally, Lites testified that the second contractor was unable to remedy all defects in Taylor's workmanship, and he (Lites) remains dissatisfied because there are "humps in the floor, all over the floor."

The Richland County Building Inspector, called as a witness by Taylor, testified and confirmed that the initial work was done "very, very poorly" and did not meet Southern Building Code requirements. He testified in detail as to problems with the foundation, septic tank, framing, joists, piers, fireplace and manner in which the addition was tied to the house.

Taylor was not present at trial. After his attorney presented testimony, she moved that trial be recessed until the following morning so that her client could be present to testify. However, she gave no reason for his absence. Opposing counsel objected to the motion on the basis that all parties had been notified to be on stand-by since the previous week. The trial judge denied the motion and took the case under advisement, stating he would announce the verdict the following morning at 9:30 a.m.

The next day, as the trial judge began to announce the verdict, Taylor's attorney moved to reopen testimony in the "interest of justice." The trial judge denied the motion, stating that every case called was to be ready for trial on Monday morning of that week and further stating that he had taken the case under advisement, had already made his decision and had written the verdict on the complaint. He then issued a verdict for Lites in the sum of $25,000.

Taylor first attacks the sufficiency of the evidence that a contract existed, arguing the method of payment was not specified.

In an action at law, tried by a judge alone, findings of fact will not be disturbed on appeal unless found to be without evidence which reasonably supports them. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). The failure of a defendant to move for a directed verdict at trial precludes a challenge on appeal to the sufficiency of the evidence. *Barber v. Citizens and Southern National Bank*, 268 S. C. 16, 231 S. E. (2d) 295 (1977), *citing, Evans v. Wabash Life Insurance Company*, 247 S. C. 464, 148 S. E. (2d) 153 (1966).

Counsel for Taylor conceded during oral argument before this court that a motion addressed to the alleged insufficiency of the evidence should have been made at trial. Despite the fact that such a motion was not made, we find the record contains sufficient evidence of a

contract. Lites testified he and Taylor agreed upon a specific price for certain work to be performed and further agreed an advance would be paid. Lites also testified they agreed the work would be completed by a certain date. Their agreement need not have specified all details concerning method of payment, especially where it is reasonable to infer the obvious, that the balance would be paid upon completion of the job. *See Maccaro v. Andrick Development Corp.*, 280 S. C. 96, 311 S. E. (2d) 91 (S. C. App. 1984) (neither law nor equity require every term or condition to be set forth in a contract).

Taylor next argues that Lites failed to prove the damages claimed and the trial judge failed to apply the proper measure of damages.

Any question affecting the verdict should be raised by a motion for new trial. *Ulmers v. Willingham*, 238 S. C. 503, 120 S. E. (2d) 859 (1961).

No motion for new trial or new trial *nisi* was made before the trial judge in this case. Taylor argues that to require such a motion when a judge who renders the verdict sits without a jury would be to require a "futile act." We are not persuaded by this argument and hold that a question concerning the verdict must be raised at trial level, whether the judge sits alone or with a jury, to be preserved for review on appeal. *Cf. Arnold v. Yarborough*, 281 S. C. 570, 316 S. E. (2d) 416 (S. C. App. 1984) (issue cannot be raised for first time on appeal).

Lastly, Taylor argues the trial judge abused his discretion in refusing to recess trial or reopen testimony.

Such decisions are within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of that discertion. *Cf. Merrill v. Barton*, 250 S. C. 193, 156 S. E. (2d) 862 (1967) (conduct of trial rests within sound discretion of trial judge); *Norton v. Ewaskio*, 241 S. C. 557, 129 S. E. (2d) 517 (1963) (motion for continuance based on absence of material witness is addressed to sound discretion of trial judge); *Drake & Mitchell v. Boyce & Henry*, 22 S.C.L. (Riley) 222 (1837) (motion to reopen evidence is addressed to discretion of trial judge).

We find no abuse of discretion as to either motion where, as here, the moving party failed to appear for trial even though properly notified, and where the

trial judge's taking the matter under advisement, was tantamount to his sending the case to the jury.

Accordingly, the verdict of the trial court is

Affirmed.

SHAW and BELL, JJ., concur.