THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services, Respondent,
v.
Emmanuel O., Dion M. O., and John Doe, In Re:  Vanessa P. O.:  DOB: 12/10/1996 and Theresa E. O.:  DOB: 12/31/1997, Minor Children,
Defendants,
of whom Emmanuel O. is Appellant.
 
 
 

Appeal From Richland County
Jamie Lee Murdock, Jr., Family Court Judge

Unpublished Opinion No. 2006-UP-430
Submitted December 1, 2006  Filed December 20, 2006

AFFIRMED

 
 
 
Emmanuel O., of Charlotte, North Carolina, pro se Appellant.  
Princess F. H. Hodges, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Emmanuel O. (Father) appeals the termination of his parental rights to his two minor children.  We affirm.[1]  
FACTS
In March of 1997, Father and Mother threatened to kill each other while in court on a domestic violence issue.  At the time, Mother and Father had one infant child.  The family court placed that child and three of Mothers other children into foster care.  A safety plan was instituted, and the minor child was returned to Mother within three days.  The safety plan was violated, and the child returned to foster care where she has remained since 1997.  Father and Mother had another child in December of 1997.  When that child was a few months old, Mother delivered the child to the South Carolina Department of Social Services, reporting she could not care for the child.  Both remain in the custody of DSS and have been placed together in foster care.  
DSS ordered treatment plans for Mother and Father.  Father was ordered to:  1) undergo a psychological evaluation; 2) pay child support; 3) submit to random drug screens; 4) visit with the children; and 5) attend and successfully complete individual counseling, family counseling, and parenting skills classes.  DSS contends Father did not complete his treatment plan, other than visiting with the children.  Further, DSS presented evidence that Father tested positive for drugs in ten out of eleven screenings.  Father submitted evidence he completed anger management counseling and individual counseling and satisfactorily completed parenting classes.  Although Father has paid a few lump sum payments in child support[2] and sometimes provided toys and gifts during visitations, he has failed to pay all of his child support.  Father also has criminal convictions for possession of schedule controlled substances and failure to stop for a blue light.  
DSS filed this action in July of 2002.  The matter was continued several times.  At a hearing on June of 2004, the case was scheduled for two days in September.  The family court judge stated that the case could not be continued for any reason.  When the case was called on September 20, 2004, Father was not present.[3]  The case proceeded in Fathers absence.  At the end of DSSs case, Fathers counsel moved to continue the case to allow Father to testify.  The family court denied the motion but allowed counsel to reserve the right to reopen the case should Father appear.  
The following day, court reconvened and Father attended, moving to reopen the case based on his belief the hearing was scheduled for September 21.  In six letters, written between June 22, 2002 and August 31, 2004, Fathers counsel incorrectly informed Father the hearing was scheduled for September 21 rather than September 20.  
The family court denied the motion to reopen the case finding that despite the misinformation, Father should have known the date because the family court judge announced the date during the June 2004 hearing.  The court also found Fathers counsel made a good faith and appropriate effort to notify Father of his mistake.  
The family court found grounds existed for terminating the parental rights of Mother and Father.  Specifically, the family court found termination warranted based on the following statutory grounds:  1) the minor children lived outside the home for a period of time in excess of six consecutive months and Father failed to remedy the conditions existing at the time of the childrens removal; 2) Father willfully failed to support the minor children; and 3) the children were in foster care for fifteen of the preceding twenty-two months.  The family court also found termination of Fathers parental rights in the best interest of the children.  
LAW/ANALYSIS
Father contends the family court erred in failing to reopen the case.[4]  We find no reversible error.  
A trial courts decision on a motion to reopen a case is discretionary and will not be disturbed on appeal absent an abuse of that discretion.  Lites v. Taylor, 284 S.C. 316, 319, 326 S.E.2d 173, 175 (Ct. App. 1985).  An
abuse of discretion occurs either when a court is controlled by some error of law, or where the order is based upon findings of fact lacking evidentiary support.  Patel v. Patel, 359 S.C. 515, 529, 599 S.E.2d 114, 121 (2004). 
Regardless of the propriety of the family courts ruling on Fathers motion to reopen, we find termination appropriate.[5]  Though Fathers testimony may have shown he did not willfully fail to support the children, and he met some of the treatment plan goals, there is no dispute regarding the childrens placement in foster care for fifteen out of twenty-two months.  See S.C. Code Ann. § 20-7-1572(8) (Supp. 2005) (providing a ground for termination where a child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months).  Both children have been in foster care for over eight years.  During this time, Father has failed to remedy all of the conditions existing at the time of removal.  
While it is clear grounds exist for the termination of Fathers parental rights, we must still determine if such a termination is in the best interest of the children.  See S.C. Code Ann. § 20-7-1572 (Supp. 2005) (providing family court can terminate parental rights if it finds at least one of the statutory grounds for termination has been met and the termination is in the best interest in of the child).  In a TPR action, the best interest of the child is the paramount consideration.  Doe v. Baby Boy Roe, 353 S.C. 576, 579, 578 S.E.2d 733, 735 (Ct. App. 2003).  Before parental rights can be terminated, the alleged grounds for the termination must be proven by clear and convincing evidence.  Richberg v. Dawson, 278 S.C. 356, 357, 296 S.E.2d 338, 339 (1982).  On appeal, this court may review the record and make its own determination whether the grounds for termination are supported by clear and convincing evidence.  S.C. Dept of Soc. Servs. v. Cummings, 345 S.C. 288, 293, 547 S.E.2d 506, 509 (Ct. App. 2001).  Despite this broad scope of review, we do not disregard the findings of the family court judge who was in a better position to evaluate the credibility of the witnesses and assign weight to their testimony.  Dorchester County Dept of Soc. Servs. v. Miller, 324 S.C. 445, 452, 477 S.E.2d 476, 480 (Ct. App. 1996).
The DSS caseworker, Melissa Mathis, testified Father visited the children twice a month and generally behaved appropriately during the visits.  She also testified the children have a loving relationship with Father and enjoy spending time with him.  However, Mathis recommended termination due to the childrens ages, their need for a stable environment, and Fathers failure to complete his treatment objectives.  
Although a previous guardian recommended Fathers rights not be terminated, the childrens most recent guardian, Carrie E. Adkins, concluded Fathers parental rights should be terminated.  She testified Father acted erratically and espoused conspiracy theories about the termination of his rights.  Adkins believed the children felt conflicted about their status and wanted only one set of parents.  Adkins admitted she did not evaluate the children interacting with Father, and the children have never stated that they wanted to sever ties with Father.  
We find termination of Fathers rights is appropriate in this case.  The children have been in foster care for over eight years, have expressed a desire for only one set of parents, and have bonded with their foster parents.  Father has failed to complete the treatment plan and has a history of drug abuse and incarceration.  We accordingly agree it is in the best interest of the children that Fathers parental rights be terminated.  
AFFIRMED.
 GOOLSBY, STILWELL, and KITTREDGE, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.        
[2] Father made four payments:  1) March 2004$666.67; 2) 1998$1359.20; 3) 1998$291.26; and 4) 1997$97.09. 
[3] Mother did not attend and is believed to be incarcerated in Georgia. 
[4] Father raises numerous other arguments concerning ineffective assistance of counsel.  We incorporate these issues in our address of the primary issue.  
[5] We recognize that parents facing termination of parental rights warrant protection under the law and due process mandates a fair procedure.  See S.C. Dept of Soc. Servs. v. Cochran, 364 S.C. 621, 626, 614 S.E.2d 642, 645 (2005).  However, we find no violation of Fathers right to notice.  The family court notified all present at the June 2004 hearing, including Father, of the date of the hearing.  In addition, the family court found that Fathers counsel, upon realizing his mistake, made a good faith and appropriate effort to notify Father of the correct date.  Finally, Father appeared on the second day thirty minutes late and at his attorneys office rather than at the courthouse.